IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ANTONIO DANIELS,<br><br>        Plaintiff,<br>v.<br><br>HARSCO CORPORATION,<br><br>        Defendant. | Case No. _____<br><br><br>**NOTICE OF REMOVAL TO<br>FEDERAL COURT** |

    Defendant Harsco Corporation ("Harsco"), by counsel, respectfully submits the following Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and 1446. In support of the removal, Harsco states as follows:

    1.    On or about March 23, 2022, Plaintiff Antonio Daniels ("Plaintiff") commenced this civil action by filing a Complaint in the Court of Common Pleas for the Eleventh Judicial Circuit, Lexington County, styled *Antonio Daniels v. Harsco Corporation* and designated Civil Action No. 2022-CP-3200972 (the "Civil Action"). *See* Local Rule 83.IV.02.

    2.    Harsco was served with a copy of the Complaint and Summons in the Civil Action on July 22, 2022 via certified mail to its registered agent. A true and accurate copy of said Complaint and Summons is attached hereto as **Exhibit A**.

    3.    In the Civil Action, Plaintiff makes five claims against Harsco: whistleblower retaliation in violation of the Federal Railroad Safety Act, 49 U.S.C. § 20109 (Count I); defamation (Count II); unlawful discrimination in violation of the Thirteenth Amendment to the United States Constitution and 42 U.S.C. § 1981 (Count III); unlawful retaliation in violation of 42 U.S.C. § 1981 (Count IV); and wrongful termination in violation of Harsco's employee handbook (Count V).

4. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case to federal court if the court would have had original jurisdiction over the matter.

### Federal Question Jurisdiction

5. Under 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

*6.* Under the well-pleaded complaint rule, federal question jurisdiction exists when a federal question is presented on the face of a properly pleaded complaint. *See, e.g., Long v. Bos. Sci. Corp.,* 665 F. Supp. 2d 541, 547 (D.S.C. 2008).

7. In his Complaint, Plaintiff alleges the violation of two federal statutes and the Thirteenth Amendment to the United States Constitution. Specifically, Plaintiff alleges violations of the FRSA (Count I) and § 1981 (Counts III and IV). *See* Complaint ¶¶ 32-43, 53-72.

8. Because Plaintiff alleges violations of two different federal statutes, this Court has federal question jurisdiction. *See, e.g., Sigler v. Black River Elec. Coop., Inc.,* No. 3:20-CV-02203-JMC, 2021 WL 856879, at *3 (D.S.C. Mar. 8, 2021) ("This court has jurisdiction over Plaintiff's FMLA claim via 28 U.S.C. § 1331").

### Supplemental Jurisdiction

9. Under 28 U.S.C. § 1367, district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

10. Plaintiff alleges two claims based on state law: one for defamation and one for wrongful termination in violation of Harsco's employee handbook.

11. Plaintiff's state law claims and three federal law claims all arise from the same event: his separation from employment. *See* Complaint at ¶¶ 41 ("wrongful and retaliatory

termination" as basis for FRSA claim), 51 ("wrongful termination" as basis for defamation claim), 62 ("wrongfully terminating Plaintiff" as basis for § 1981 claim), 81 ("wrongful termination" as basis for breach of employee handbook claim).

12. Because they arise from the same event and involve related subject matters, the Plaintiff's state and federal claims are part of the same case or controversy.

13. The Court may therefore exercise supplemental jurisdiction over Plaintiff's two state law claims. *See, e.g.*, *Black v. S.C. Dep't of Corr.*, No. CV 8:16-91-MGL-KFM, 2016 WL 7971297, at *1 (D.S.C. July 27, 2016), report and recommendation adopted, No. CV81600091MGLKFM, 2016 WL 4433604 (D.S.C. Aug. 22, 2016) (exerting federal question jurisdiction over federal claims and supplemental jurisdiction over state law claim for wrongful discharge in violation of public policy); *Rogers v. Piggly Wiggly Carolina Co.*, No. CIV.A.2:09-2016MBSBM, 2009 WL 4985813, at *1 (D.S.C. Dec. 14, 2009) (exercising federal question jurisdiction over federal claim and supplemental jurisdiction over state claims for negligent supervision and defamation).

14. Combining the Plaintiff's state and federal claims will also promote convenience, fairness, comity, and judicial economy because Plaintiff and Harsco will need to rely on the same facts, documents, evidence, and witnesses to litigate the state-law defamation and wrongful termination claims and the FRSA and § 1981 claims. *See, e.g., Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

15. Finally, none of the factors listed in 28 U.S.C. § 1367(c) are present in this case to abrogate supplemental jurisdiction—there are no novel or complex issues of state law, the two state law claims do not substantially predominate over the three federal claims, no claims have been dismissed, and there are no exceptional circumstances.

3

**Venue, Timeliness and Pleadings**

16. This Court is the district and division embracing the Court of Common Pleas for the Eleventh Judicial Circuit, Lexington County, which is the place where this Civil Action is currently pending. *See* 28 U.S.C. § 1441. Thus, venue is proper.

17. The notice of removal is filed within thirty (30) days of July 22, 2022, which is when Harsco was served with a copy of the Complaint and Summons in the Civil Action. *See* 28 U.S.C. § 1446(b)(1). Thus, this notice is timely.

18. Harsco is the only defendant in this matter, and consents to removal.

19. There are no pending motions.

20. Harsco hereby certifies that a "Notice of Filing Notice of Removal to Federal Court" is being contemporaneously filed in the Civil Action, with a copy of this "Notice of Removal to Federal Court" as an exhibit thereto. This provides prompt written notice to the Clerk of the Court for the Court of Common Pleas for the Eleventh Judicial Circuit and Plaintiff, through his counsel of record, as required by 28 U.S.C. § 2446(d) and Local Rule 83.IV.01.

**WHEREFORE**, Harsco respectfully requests that the Civil Action, currently pending in the Court of Common Pleas for the Eleventh Judicial Circuit, Lexington County, be removed this Court for all further proceedings.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

*/s/ Steven C. Hemric*
Steven C. Hemric (Federal ID. No. 13221)
110 Oakwood Drive, Ste. 500
Winston-Salem, NC  27103
Telephone:     (336) 725-4710
Facsimile:     (336) 725-4476
shemric@spilmanlaw.com
*Counsel for Harsco Corporation*

Dated: August 18, 2022.
Winston-Salem, North Carolina