IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Daniels, | C/A No. 3:22-cv-2752-JFA-KDW |
| Plaintiff, | |
| v. | **ORDER** |
| Harsco Corporation, | |
| Defendant. | |

I.  **INTRODUCTION**

In this employment-related matter, Antonio Daniels sues his former employer, Harsco Corporation, asserting: (1) a claim of whistleblower retaliation brought pursuant to the Federal Railroad Safety Act ("FRSA"); (2) defamation; (3) race discrimination in violation of 42 U.S.C. § 1981; (4) retaliation in violation of 42 U.S.C § 1981; and (5) wrongful discharge, breach of employee handbook. (ECF No. 10). In response, Defendant filed a partial motion to dismiss. (ECF No. 15). All pretrial proceedings in this case, including Defendant's partial motion to dismiss, were referred to a Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

After reviewing the motion and all responsive briefs, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that Defendant's motion should be granted in part and denied in part. (ECF No. 27). The Report

1

sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on February 23, 2023 (ECF No. 30), to which Defendant replied (ECF No. 31). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

2

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 27). In response to the Report, Plaintiff enumerated three separate objections: (1) the Report applied the wrong standard for commencing an action; (2) the report wrongfully determined that no publication occurred with respect to Plaintiff's claim for defamation; and (3) Plaintiff's claim for wrongful discharge/breach of employee handbook is well pled. (ECF No. 30). Each is addressed in turn below.

<u>Objection #1</u>

Initially, Plaintiff avers that the Report applies the wrong legal standard for when a civil action is deemed to have been commenced for statute of limitations purposes. Here,

3

Plaintiff filed this civil action in state court and served Defendant more than 120 days later. The Complaint was filed prior to the expiration of the two-year statute of limitations for defamation claims. However, service was made after the limitations period had expired. This action was then removed to federal court.

Under South Carolina law, a "civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing." S.C. Code Ann. § 15-3-20(B). However, Rule 3 of the Federal Rules of Civil Procedure states that a "civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

The Report concluded that, because this court is exercising diversity jurisdiction, the law of South Carolina determines when an action is commenced for statute of limitations purposes. Because Plaintiff failed to serve Defendant within 120 days of its initial filing, Plaintiff failed to commence its action within the applicable statute of limitations period.

Plaintiff relies on *Hanna v. Plumer*, 380 U.S. 460 (1965), to support his argument that Federal Civil Rule of Civil Procedure 3 should apply to the exclusion of the South Carolina statute. Following this Federal Rule, Plaintiff argues, would place the action within the statute of limitations period because the initial filing of the complaint, standing alone, would set the date of commencement.

Plaintiff's argument, however, disregards the Supreme Court precedent set in *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980). In *Walker*, the Supreme Court rejected a nearly identical argument, also supported by *Hannah*. There, the Court determined that

4

there "is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980).

As in *Walker*, the applicable statute of limitations here is governed by state law and "[a]s such, the [State] service rule must be considered part and parcel of the statute of limitations." *Id.* There is "no indication that [FRCP 3] was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations." *Id.* Thus, "in diversity actions Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run but does not affect state statutes of limitations." *Id.*

Here, South Carolina has a service statute which must be considered as part of the statute of limitations calculus. There is no dispute that Plaintiff failed to comply with this requirement by serving Defendant outside of the 120-day service period contained in S.C. Code Ann. § 15-3-20(B). Thus, Plaintiff's action would be barred were it in state court and is likewise barred here. Accordingly, Plaintiff's objection is overruled.

Objection #2

Given the above determination, the court need not address Plaintiff's second objection as it relates to the merits of his defamation claim which is now barred.

Objection #3

Lastly, Plaintiff takes issue with the Report's determination that Plaintiff failed to plead sufficient facts to support a claim for wrongful discharge/breach of employee handbook.

Within the Report, the Magistrate Judge determined that Plaintiff failed to state a claim for breach of employee handbook by explaining that:

> Further, while the Handbook includes several references to nonretaliation, and the section quoted by Plaintiff in his Amended Complaint (ECF No. 15-2 at 8, 10-12, 42), includes some mandatory language, none of the Handbook's provisions limit Defendant's right to discharge an employee further than the obligations already imposed by applicable employment laws. A "handbook or policy provision at issue must 'restrict the right to discharge' and 'must also make a promise that the employee is entitled to something related to discharge.'" *Parker v. Premise Health Emp. Sols., Inc.*, No. CV 3:18-2740-MGL-KDW, 2020 WL 6218795, at *19 (D.S.C. June 5, 2020) (quoting *Lawrence*, 2005 WL3968031, at *14). Here, the policy language regarding discrimination, while including mandatory language, is in no way tied to a promise as to Plaintiff's employment status.

(ECF No. 27, p. 21).

Plaintiff objects by arguing that:

> The R&R cites to Plaintiff's at-will employment status as a general shield of liability which prevents Plaintiff from bringing forth a breach of employee handbook claim. (ECF 27 p. 21). The R&R illogically concludes that the handbook's promise of no-retaliation is not a promise relating to Plaintiff's employment status. (ECF 27 p. 21). This is not credible, as termination in response to making a complaint is undoubtedly the type of action that is prohibited by a guarantee of no-retaliation.

(ECF No. 30, p. 6).

Although Plaintiff cites to *Parker v. Premise Health Emp. Sols. Inc.,* in support of his argument, he ignores the portion of that order which states "language in anti-

discrimination and harassment policies typically are insufficient to form contracts." *Parker v. Premise Health Emp. Sols., Inc.*, No. CV 3:18-2740-MGL-KDW, 2020 WL 6218795, at *20 (D.S.C. June 5, 2020), *report and recommendation adopted sub nom. Parker v. Premise Health Emp. Sols., LLC*, No. CV 3:18-2740-MGL-KDW, 2020 WL 5810519 (D.S.C. Sept. 30, 2020), *aff'd,* 845 F. App'x 283 (4th Cir. 2021)(collecting cases). As in that case, Plaintiff here "does not explain how the policy language cited—even though couched in mandatory terms—is tied to a restriction on her being terminated." *Id.*

As stated in the Report, despite the use of mandatory language, the provision at issue is in no way tied to a promise as to Plaintiff's employment status. "[I]n wrongful termination cases, the promises in the handbook or other document must restrict the right of an employer to discharge." *Anthony v. Atl. Grp., Inc.*, 909 F. Supp. 2d 455, 467 (D.S.C. 2012), aff'd (July 12, 2013) (internal quotations omitted). Plaintiff's recycled arguments against this conclusion fail to show any error in the Report, Thus, Plaintiff's objection on this point is likewise overruled.

As an aside, Defendant does not object to any portion of the Report, including those portions recommending denial of its partial motion to dismiss.[1] The court is not required to give an explanation for accepting those portions of the recommendation and they are thus adopted.

---

[1] Defendant did not challenge the Report's suggestion that Defendant's Motion to Dismiss the FRSA retaliation claim should be denied. (ECF No. 27, p. 8). Likewise, Plaintiff does not appear to challenge the conclusion that, to the extent Defendant's Motion to Dismiss Plaintiff's FRSA retaliation claim seeks dismissal of Plaintiff's claim brought under 49 U.S.C. § 20109(b), it should be granted. (ECF No. 27, p. 11).

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 27). Thus, Defendant's Motion to Dismiss (ECF No. 15) is granted in part and denied in part as to Plaintiff's FRSA retaliation claim as discussed above.

Further, this matter is recommitted back to the Magistrate Judge to proceed as to Plaintiff's FRSA and Section 1981 claims.

IT IS SO ORDERED.

March 20, 2023                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge